Green Gulf Grp. FZE v. Nat'l Holding, LLC, 2014 NCBC 21.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 11475

GREEN GULF GROUP FZE,

           Plaintiff,

v.

NATIONAL HOLDING, LLC,

           Defendant.

**ORDER AND OPINION**

*Harkey Lambeth & Gunter, LLP by Philip D. Lambeth for Plaintiff.*

*Ellis & Winters, LLP by Joseph Hammond and Curtis J. Shipley for Defendant.*

Murphy, Judge.

**THIS MATTER** is before the Court on Defendant National Holding, LLC's ("Defendant") Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the North Carolina Rules of Civil Procedure (the "Motion"). Having considered the Motion, briefs, and arguments of counsel at the January 28, 2014 hearing, the Court **GRANTS** the Motion pursuant to Rule 12(b)(2).

I.

PROCEDURAL HISTORY

{1}    Plaintiff Green Gulf Group FZE ("Plaintiff") filed a verified Complaint in the Mecklenburg County Superior Court, on June 28, 2013.

{2}    Defendant filed this Motion on August 8, 2013, seeking dismissal of this action for lack of personal jurisdiction, insufficient service of process, improper venue, and failure to state a claim upon which relief can be granted. In the alternative, Defendant sought a stay of this action under N.C.G.S. § 1-75.12 (2014).

{3}    On August 12, 2013, this case was designated a mandatory complex business case and subsequently assigned to this Court.

{4} Plaintiff filed its Response to the Motion on October 8, 2013 and Defendant filed its Reply in Support of the Motion on October 21, 2013.

{5} The Court heard the Motion on January 28, 2014.[1]

II.

FINDINGS OF FACT

{6} Plaintiff is a corporation organized under the laws of the United Arab Emirates ("U.A.E."), where it maintains its registered office. (Compl. ¶ 1; Compl. Ex. A, D). Although Plaintiff's president and sole shareholder, Samer Y. Arris ("Arris"), is a United States citizen and resident of Mecklenburg County, North Carolina, Plaintiff is not registered to do business in North Carolina. (Compl. ¶ 1, Joseph Hammond Aff. ¶ 3).

{7} Arris also lived in the U.A.E. from 2005 through 2012, the time period relevant to the Complaint. (Samer Y. Arris Aff. ¶¶ 2, 5–9).

{8} Defendant is a privately-owned conglomerate, organized under the laws of the U.A.E. (Compl. ¶ 2; Abdel Kareem Al Kadomi Aff. ¶ 9). Defendant also maintains its registered office in the U.A.E. (Compl. Ex. A).

{9} Plaintiff initiated contact with Defendant in the U.A.E. regarding potential business opportunities, which culminated in several contracts between and/or involving the parties. (Al Kadomi Aff. ¶¶ 12, 20, 22–23). Specifically, the contracts at issue are a Mutual Confidentiality Agreement executed on September 26, 2010, a Mandate Letter executed on November 22, 2011, and a Confidentiality Agreement executed on September 5, 2010 (Compl. ¶¶ 3, 12, 17), each of which was negotiated and executed in the U.A.E. (Al Kadomi Aff. ¶¶ 20, 22–23) and contains a forum selection clause consenting to the jurisdiction of the courts of the U.A.E. (Compl. Ex. A, C–D).

---

[1] Defendant filed a suggestion of subsequently decided authority on February 3, 2014. Plaintiff filed a response to Defendant's suggestion of subsequently decided authority on February 7, 2014 and subsequently filed a supplemental affidavit of Samer Y. Arris on February 18, 2014 (the "Supplemental Affidavit"). Defendant challenged the Supplemental Affidavit by filing a Response on February 21, 2014. In its Response, Defendant labels the Supplemental Affidavit as untimely and irrelevant under Business Court Rule 15.9. The Court agrees with Defendant's objections and does not consider the Supplemental Affidavit in reaching its conclusion.

{10}   Furthermore, the contracts involved projects in the U.A.E. and Nevada, but none involved or were directed at projects connected to North Carolina. (Compl. ¶¶ 4, 10–11, 19; Al Kadomi Aff. ¶¶ 12, 20, 22–23).

{11}   Defendant's subsidiary, Emirates International Investment Company, LLC ("EIIC"), either currently holds or previously held a less than five percent (5%) indirect interest in three companies that have offices in Charlotte, North Carolina: Randall-Reilly, Berlin Packaging, and Fleet Pride. (Kevin M. Russell Aff. ¶¶ 6, 11). None of the three companies are subsidiaries of, or otherwise affiliated with, Defendant. (Russell Aff. ¶¶ 7, 8).

{12}   In the Complaint, Plaintiff alleges Defendant breached the contracts and owes Plaintiff fees and reimbursement of expenses for three business transactions that Green Gulf solicited for Defendant. (Compl. ¶¶ 3–20). However, Plaintiff does not allege Defendant ever solicited or conducted business in North Carolina with it or any other person or entity.

III.

LEGAL STANDARD

{13}   On a Motion challenging personal jurisdiction, "[P]laintiff bears the burden of proving, by a preponderance of the evidence, grounds for exercising personal jurisdiction over [D]efendant." *Bauer v. Douglas Aquatics, Inc.*, 207 N.C. App. 65, 68, 698 S.E.2d 757, 761 (2010) (citation omitted).

{14}   The Court looks first to North Carolina's long-arm statute, N.C.G.S. § 1-75.4 (2014), to determine whether it may properly exercise personal jurisdiction over the Defendant. *Id.* at 67, 698 S.E.2d at 760. In its brief opposing the Motion, Plaintiff does not assert which portion of the long-arm statute grants the Court power to exercise personal jurisdiction over Defendant.

{15}   If the long-arm statute confers personal jurisdiction over the defendant, the Court must then determine whether the exercise of personal jurisdiction comports with due process. *Id.* The inquiry ends, however, if the long-arm statute does not confer personal jurisdiction over the Defendant within this State. *See id.;*

*see also Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 675, 231 S.E.2d 629, 630 (1977).

IV.

ANALYSIS

{16}  Plaintiff asserts that the Court may exercise personal jurisdiction over Defendant, but cites no statutory reference for the source of this power.  A reading of the long-arm statute in conjunction with the facts of this case leads the Court to conclude that it does not have the power to hale Defendant before it.

{17}  Plaintiff relies on two arguments in support of personal jurisdiction in this Court: (1) that Defendant was aware Plaintiff's principal, Arris, was a resident of North Carolina, and (2) that Defendant maintained subsidiaries or affiliates that maintain offices in North Carolina.  Both arguments are unavailing.

{18}  First, although Plaintiff alleges Defendant knew Arris was a resident of North Carolina, Plaintiff neither contends nor offers proof that Defendant communicated with Arris on behalf of Plaintiff while Arris was in North Carolina. (Pl.'s Resp. Mot. 3).  In fact, Plaintiff admits that Arris returned to North Carolina only "[a]fter devoting nearly two years of his life to the [D]efendant's business interests" (Pl.'s Resp. Mot. 3), which leads the Court to conclude that Plaintiff's business dealings with Defendant ended when Arris returned to North Carolina.

{19}  Second, while Plaintiff relies on EIIC's indirect investments in Randall-Reilly, Berlin Packaging, and Fleet Pride for the proposition that Defendant has subjected itself to the jurisdiction of this Court (Pl.'s Resp. Mot. 3), EIIC's investment in those three companies does not amount to activity sufficiently substantial to subject Defendant, EIIC's parent, to personal jurisdiction in this State.  Neither EIIC nor Defendant owns or controls the three companies, and a passive investment by Defendant's subsidiary is not encompassed by the long-arm statute.

{20}  Moreover, Plaintiff does not contest that Defendant is a U.A.E. company and has no projects in North Carolina, nor does Plaintiff allege a single injury within the State.  Accordingly, the Court concludes that the long-arm statute does

not confer upon the Court personal jurisdiction over Defendant.

{21}   Because the Court lacks personal jurisdiction over Defendant, it is unnecessary to address the parties' arguments regarding service of process, venue and failure to state a claim for which relief can be granted.

V.

CONCLUSION

{22}   For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Dismiss and hereby **DISMISSES WITH PREJUDICE** Plaintiff's claims for interference with contract, breach of mutual confidentiality agreement, and breach of mandate letter.

**SO ORDERED**, this 28th day of May, 2014.